IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERRY CLARK,

    Plaintiff,

v.

MICHAEL MAFFEI, in his personal and
Official capacity; RHETT DAVIS, in his
Official capacity; DEYNCE SHORB

    Defendants.

Civ. No. 6:17-cv-00033-JR

OPINION AND ORDER

MCSHANE, Judge:

    Magistrate Judge Jolie A. Russo filed a Findings and Recommendation (ECF No. 77), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72. Plaintiff and Defendants filed objections to the Findings and Recommendation, and I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Upon review, Magistrate

1 – OPINION AND ORDER

Judge Russo's Findings and Recommendation (ECF No 77) is adopted in part; with the notable exception that defendant Davis' motion for summary judgment is denied.

## BACKGROUND

Plaintiff, a tenant in an eviction dispute, alleges violations of his Fourth and Fourteenth Amendment rights, as well as a state law claim for unlawful ouster. He moves for partial summary judgment against defendant Davis, the Chief of Police for the City of Powers, on the federal claims. He moves for summary judgment against defendants Denyce Shorb, Michael Maffei, and Harvey Maffei on his unlawful ouster claim.

Davis, along with defendant Michael Maffei, moves for summary judgment as to all claims against them.

Defendants Denyce Shorb and Harvey Maffei, who proceed *pro se* in this litigation, did not file any opposition to plaintiff's motion for summary judgment, but did file objections to the Findings and Recommendation.

## DISCUSSION

Plaintiff alleges that defendant Davis and Michael Maffei violated his Fourth Amendment right to be free from unlawful searches and seizures. He alleges that on July 11, 2016, without notice or court order, Davis, acting in his capacity as the City of Powers Chief of Police, ordered Clark trespassed and forced him out of his rental home under threat of arrest. Plaintiff lived in a dwelling pursuant to a written lease agreement with defendant Shorb. Decl. Niese Ex. 7, ECF No. 51-7.

Under the 4th amendment, a person is protected from unreasonable government intrusion if they have a subjective expectation of privacy, and society accepts that expectation of privacy as reasonable. *See United States v. Shryok*, 342 F.3d 948, 978 (9th Cir. 2003). To state a 4th

amendment claim under § 1983, plaintiff must show that an officer entered his residence without a warrant, probable cause, exigent circumstances, or consent. *Williams v. Cty. of Alameda*, 26 F.Supp.3d 925, 937 (N.D. Cal. 2014).

Defendants argue that there could be no reasonable expectation of privacy, because the dwelling itself was not habitable under Oregon law[1] and because the dwelling lacked a certificate of occupancy[2].

Oregon's Residential Landlord and Tenant Act (ORLTA) was enacted to provide tenants with rights and protections, and to place certain responsibilities on the landlord to ensure that a dwelling unit is habitable.[3] When a dwelling is "unsafe or unfit to occupy," the law does not diminish a tenant's expectation of privacy. The law simply provides the tenant with a variety of remedies, including protections related to tenant's right to continue occupancy. For example, a landlord is prohibited from retaliating by terminating a tenancy after the tenant has complained about a violation of a "building, health or housing code materially affecting health or safety." Or. Rev. Stat. 90.385(1)(a)(A).

With regards to actions by a government actor, the ORLTA implicitly provides for a tenant's continued right to occupy the dwelling. Where a dwelling is uninhabitable, a "government agency [can post the] dwelling unit as unsafe and unlawful to occupy due to existence of conditions that violate state or local law and materially affect health or safety. . ." Or. Rev. Stat. 90.380(2)(a). "'[P]osted" means that a governmental agency has attached a copy of the agency's written determination in a secure manner to the main entrance of the dwelling

---

[1] Dwellings that lack plumbing facilities, water supply, adequate heating, electrical, lighting are deemed "not habitable." Or. Rev. Stat. 90.320(1).
[2] No building or structure may be used or occupied without a certificate of occupancy. Oregon Residential Specialty Code R101.1
[3] "[A] landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition." Or. Rev. Stat. 90.320.

3 – OPINION AND ORDER

unit or to the premises or building of which the dwelling unit is a part.' Or. Rev. Stat. 90.380(1). Even after a government agency has posted, the ORLTA does not exempt a landlord or government agency from complying with Or. Rev. Stat. 105.105 which states that "No person shall enter upon any land, tenement or other real property unless the right of entry is given by law. . ."

The natural conclusion is that the habitability or un-inhabitability of a dwelling under state and local law does not diminish a tenant's reasonable expectation of privacy from government intrusion, nor does it exempt the government from its limitations under the 4th Amendment.

For similar reasons, Plaintiff's 14th Amendment claim also survives summary judgment. Even where a dwelling is uninhabitable, state law provides for due process that must be followed before a tenant can be evicted or ousted. Because the habitability or un-inhabitability of a dwelling unit does not diminish a tenant's legitimate protectable property interest, Plaintiff has sufficiently pled a legitimate protectable property interest in his right to continued occupancy of his rental home. Oregon law provides the process for eviction. *See* Or. Rev. Stat. 105.105 *et seq.*

An officer being sued under § 1983 will not have qualified immunity if they violated a "clearly established" constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (the two-pronged sequence of the qualified immunity test is no longer mandatory.) Because it is "clearly established" that law enforcement cannot enter a home without a warrant absent consent or an exigency, defendant Davis is not entitled to qualified immunity. *Zar v. Payne*, 760 F.Supp.2d 779, 786 (S.D. Ohio 2011). It is "clearly established" that protections under the 4th and 14th amendments apply to illegal evictions. *Fouruier v. Cuddeford*, No. 3:11-CV-00343-AC, 2012 WL 5921142, at *13 (D. Or. Nov. 26, 2012).

## CONCLUSION

By all accounts, the dwelling occupied by the plaintiff should never have been leased for human occupation. The lease itself was poorly drafted and entered into by parties with little clarity as to its import. The alleged activities on the property would cause concern for any landlord or bordering neighbor. That said, there remains a legal process for terminating the tenancy and evicting a tenant. That process was not utilized here.

The Findings and Recommendation (ECF No 77) is adopted in part and rejected in part. Because there are sufficient facts in the summary judgment record for a reasonable trier of fact to find that defendant Davis was acting under color of law and that his actions violated Plaintiff's 4th and 14th Amendments rights, Defendant Davis' motion for summary judgment is DENIED. Defendant Michael Maffei's motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment as to the unlawful ouster claim against defendants Harvey Maffei and Denyce Shorb is GRANTED.

IT IS SO ORDERED.

DATED this 30th day of August, 2018.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge