William B. Niese, OSB #081087
bniese@oregonlawcenter.org
Edward Johnson, OSB #965737
ejohnson@oregonlawcenter.org
P.O. Box 1098
Coos Bay, OR 97420
   Telephone: (541) 269-2616
   Fax: (541) 269-1372
      Attorneys for Plaintiff

Aaron P. Hisel, OSB #161265
ahisel@geraldwarrenlaw.com
901 Capitol St. NE
Salem, OR 97301
  Telephone: (503) 480-7252
  Fax: (503) 779-2716
     Attorney for Defendant Noah Rhett Davis

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| KERRY CLARK, | Case No. 6:17-cv-00033-MC |
| Plaintiff, | |
| v. | **JOINTLY FILED PRE-TRIAL ORDER** |
| MICHAEL MAFFEI, in his personal and official capacities; RHETT DAVIS, in his official capacity; and DENYCE SHORB, | |
| Defendants. | |

The following Pre-Trial Order is lodged under LR 16-5 and the Court's Trial Management Order.

I. **NATURE OF THE ACTION**

This is an action for alleged Fourth Amendment violations. Plaintiff Kerry Clark alleges that his Fourth Amendment rights were violated when defendant Chief Noah Rhett Davis entered his residence without a warrant and ordered him to leave under threat of arrest for trespass before

Page 1 – **JOINTLY FILED PRE-TRIAL ORDER**

Mr. Clark's landlords had begun any legal eviction process. Plaintiff claims that Chief Davis's order caused him to suffer emotional distress damages.

## II. FEDERAL SUBJECT MATTER JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331, and 1343.

## III. AGREED FACTS

The following facts are not disputed or have been stipulated to by the parties:

1. In July of 2016, Kerry Clark had a right to possession of the property at issue in this case.

2. Chief Davis is not legally liable or financially responsible for the eventual physical destruction of the property at issue in this case.

## IV. CLAIMS AND DEFENSES

### A. FOURTH AMENDMENT (Warrantless Entry)

**Plaintiff Kerry Clark contends:**

1. Chief Davis entered his rental unit without a warrant or other justification, such as an emergency, thereby violating his Fourth Amendment right of privacy in his home.

**Defendant Noah Rhett Davis contends:**

1. He did not enter the structure.

2. Even if a jury were to find that he entered the structure, his presence there was based on a reasonable mistake of fact under the totality of the circumstances that the structure was a tool shed owned and controlled solely by the then-present owner Denyce Shorb, entitling him to qualified immunity.

3. Even if a jury were to find that he crossed the threshold, his presence would not have amounted to a "search" under the Fourth Amendment.

4. Plaintiff's false recitation of events is either a lie, clouded by his recorded memory issues and/or a product of his illegal drug use.

### B. FOURTH AMENDMENT (Unreasonable Seizure by Ordering Plaintiff to Vacate the Property)

**Plaintiff contends:**

1. Chief Davis ordered Mr. Clark to vacate his rental residence under the threat of arrest for trespass.

2. Chief Davis knew or should have known that Mr. Clark was a tenant.

3. This order was never retracted.

4. Chief Davis's actions caused Mr. Clark to suffer a "meaningful interference" with the continued possession of his home. Specifically, Chief Davis's order caused Mr. Clark, who was moving in, to start moving out, to lose his rental housing and to become homeless.

**Defendant Noah Rhett Davis contends:**

1. He did not order plaintiff to leave. The conversation he had with plaintiff was reasonable and appropriate under the circumstances.

2. At no point during the July 11, 2016 contact with Denyce Shorb and plaintiff did anyone mention that a rental agreement existed between plaintiff and Denyce Shorb. He did not learn of this information until a later date.

3. That the result of the conversation on July 11, 2016 was an agreement between Denyce Shorb and plaintiff for plaintiff to remain on the property. Chief Davis had no part in that negotiation.

4. Plaintiff did not vacate the property or have any property rights interfered with as a result of anything that Chief Davis said or did.

5. Plaintiff's assertions that an effective seizure took place is unsupportable under the circumstances and to the extent he could prove any damages, he failed to take any number of reasonable steps to mitigate those damages.

6. Plaintiff's false recitation of events is either a lie, clouded by his recorded memory issues and/or a product of his illegal drug use.

### C. FOURTEENTH AMENDMENT (Procedural Due Process)

Plaintiff has voluntarily dismissed this claim.

## V. OTHER LEGAL ISSUES

The parties have separately filed motions *in limine*, as well as objections and responses to objections on the prospective instructions, verdict form, witnesses and testimony pursuant to the Court's Trial Management Order. Through those procedures the following three issues have arisen as the primary legal issues requiring resolution prior to trial:

(1) whether all the facts necessary to finally determine Chief Davis's entitlement, or lack thereof, to qualified immunity have already been determined;

(2) whether plaintiff's burden of proof includes proving intentional conduct; and

(3) whether a show of authority or "order," without more, is sufficient to sustain a deprivation of the Fourth Amendment.

Plaintiff believes that some or all of these issues were decided by the Ninth Circuit's opinion in this case. Defendant disagrees. The respective positions and authority of the parties are found in the underlying filings.

//////

//////

//////

//////

Page 4 –  **JOINTLY FILED PRE-TRIAL ORDER**

## VI. AMENDMENT TO PLEADINGS

Plaintiff voluntarily dismisses the Fourteenth Amendment Procedural Due Process claim.

DATED this 25th day of November, 2019.

| | |
|---|---|
| s/ Edward Johnson | a/ Aaron P. Hisel |
| William Niese, OSB #081087 | Aaron P. Hisel, OSB #161265 |
| Edward Johnson, OSB #965737 | Attorney for Defendant Rhett Davis |
| Attorneys for Plaintiff | |

### For Court Use Only

**The foregoing Pre-Trial Order is:**

✓    Approved as lodged.

_____    Approved as amended by interlineation and the pleadings are amended accordingly.

SO ORDERED this __1__ day of __Dec__, 2019.

_____
MICHAEL McSHANE
United States District Court Judge