William B. Niese, OSB #081087
Edward Johnson, OSB #965737
Julie Sugano O'Reilly, OSB #192771
bniese@oregonlawcenter.org
ejohnson@oregonlawcenter.org
jsugano@oregonlawcenter.org
**OREGON LAW CENTER**
490 N. 2nd St.
Coos Bay, OR 97420
Phone: (541) 269-2616 x 444
Fax: (541) 269-1372

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KERRY CLARK,**<br><br>              Plaintiff,<br><br>vs.<br><br>**MICHAEL MAFFEI,** in his personal and official capacities; **RHETT DAVIS**, in his official capacity; **DENYCE SHORB; HARVEY MAFFEI,**<br><br>              Defendants. | Case No.:    6:17-cv-00033-JR<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES** |

### INTRODUCTION

This is a case of a tenant being unlawfully evicted from his home, which was then destroyed. In 2016, Plaintiff Kerry Clark rented a house in Powers, Oregon, where he was living with a written rental agreement signed by Defendant, Denyce Shorb. While Mr. Clark was away from his home, defendants Denyce Shorb and Harvey Maffei destroyed it. After losing his home and possessions, client was made homeless, and remains homeless as of the date of this filing.

Page - 1 PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES

Plaintiff filed a complaint with this court on January 9, 2017 and filed an amended complaint on July 5, 2017. Neither Defendant Shorb nor Defendant Harvey Maffei filed a response as directed in the Federal Rules of Civil Procedure. Plaintiff filed a Motion for Partial Summary Judgment on February 2, 2018.

On May 30, 2018, the Honorable Judge Jolie A. Russo issued her Findings and Recommendations. In those findings she noted "…neither Shorb nor Harvey Maffei have opposed or otherwise responded to plaintiff's motion for summary judgment as to the unlawful ouster claim against them. The facts presented by plaintiff establish Shorb was a landlord and that she authorized Harvey Maffei to manage the property upon allowing him to move in and buy the property. The failure to respond also leaves undisputed that ORLTA applies to the landlord/tenant relationship between Shorb/Harvey Maffei and plaintiff. Accordingly, plaintiff's motion for summary judgment as to his claim against Denyce Shorb and Harvey Maffei should be granted." (ECF 92 at 16.)

**DAMAGES**

Under ORS 90.375[1], if a landlord "unlawfully removes or excludes the tenant from the premises, seriously attempts or seriously threatens unlawfully to diminish services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric or other essential service, the tenant may obtain injunctive relief to recover possession or may terminate the rental agreement and recover an amount up to two months' periodic rent or twice the actual damages sustained by the tenant, whichever is greater." In the case at hand, defendants Denyce Shorb and Harvey Maffei have been found to have violated ORS 90.375 by Judge Russo's Findings and Recommendations and the corresponding Summary Judgment.

In addition to the damages specified in ORS 90.375, a tenant is entitled to other appropriate damages as contemplated under ORS 90.125(1)[2]. *Brewer v. Erwin* further explores commentary on the

---

[1] ORS 90.375 was formerly codified at ORS 91.815, as discussed in *Brewer v. Erwin*, 287 Or. 435 (1979).
[2] Previously codified at ORS 91.725 and also discussed in *Brewer*.

**Page - 2 PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES**

Uniform Residential Landlord Tenant Act (Uniform Act), which the Oregon Residential Landlord Tenant Act (ORLTA) is patterned on. Commissioners' comments "explain that the remedies allowed for wrongful exclusion. . . including 'twice the actual damages,' are additional to the recovery of the economic damages just stated and other remedies provided in earlier sections." 287 Or 435, 447 (1979). The court further expands its explanation to detail that "'actual damages' allowed for retaliatory or otherwise unlawful or willful acts were meant to include something more than the narrow economic measure of the tenant's loss."

The damages requested in this case are actual damages, which refer to "tangible harm resulting from the statutory violation, though it need not be economic harm." Along with economic damages, plaintiff is seeking "appropriate damages" including "compensation for the loss of life or health and the accompanying costs, not only for the economic value of any goods that may have been damaged or for the reduced rental value." *Id.* at 452-453. While plaintiff cannot recover emotional distress damages, the Federal Court has acknowledged that a "[p]laintiff can, however, recover emotional distress damages related to the loss of 'irreplaceable personal belongings.'" *Garren v. Am. Mgmt. Servs. Northwest LLC* 2019 U.S. Dist. LEXIS 210791.

Plaintiff has suffered severe consequences due to the destruction of his home by defendants Shorb and Maffei. He has economic damages in the value of lost personal property estimated at $25,725.00. Plaintiff also had a lifetime lease to the property paying $200 per month. According to data from the National Center for Health Statistics, the average male lifespan in the United States is 76.1 years. Plaintiff was 61 years old and was in a lifetime lease wherein he agreed to pay $200 per month when defendants Shorb and Harvey Maffei unlawfully evicted him and destroyed his home. In addition to twice the value of the property lost, plaintiff is entitled to $36,240. This equals $200 per month until he turns 76.1 years old.

Since actual damages encompass more than economic damages, the plaintiff seeks: (1) appropriate damages to compensate for the loss of his livelihood, due to his inability to start his small business; (2) emotional damages related to the loss of irreplaceable items, such as his father's burial flag

and family photographs; and (3) compensation for loss of life and health, due to homelessness. As it is difficult to put a number on such priceless items, the plaintiff requests $100,000 in contemplation of such appropriate damages, which are warranted in a case such as this.

By combining both economic and appropriate damages, plaintiff estimates actual damages to be $161,965.00 and under ORS 90.375 a plaintiff may recover twice the actual damages sustained by the tenant, which is estimated at $323,930.00.

## CONCLUSION

For all of the reasons above, Plaintiff asks this Court to award Plaintiff damages in the amount of $323,930.00 and that defendants Denyce Shorb and Harvey Maffei be held joint and severally liable.

DATED this 7th day of February, 2020

                                                                                   __s/ William B. Niese_____
                                                                                   William B. Niese, OSB #081087
                                                                                   Of Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES on:

Harvey Maffei
308 12th Street
Ogden, KS 66517

Denyce Shorb
PO Box 97
Powers, OR 97466

by the following indicated method or methods:

__ by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below

__ by emailing a copy thereof to each attorney at each attorney's last-known email address on the date set forth below.

X by mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Coos Bay, Oregon on the date set forth below.

DATED this 7th day of February, 2020.

              s/ William B. Niese
              William B. Niese, OSB #081087
              Attorney for Plaintiff