IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KERRY CLARK**,

    Plaintiff,

v.

**MICHAEL MAFFEI**, in his personal and official capacities, **RHETT DAVIS**, in his official capacity, **DENYCE SHORB**, and **HARVEY MAFFEI**,

    Defendants.

Civ. No. 6:17-cv-00033-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Kerry Clark filed a Complaint against Michael Maffei, Rhett Davis, Denyce Shorb, and Harvey Maffei for unlawful ouster, among other things, on January 9, 2017. Pl.'s Compl., ECF No. 1. Plaintiff subsequently filed an Amended Complaint. ECF No. 23. This Court granted Plaintiff's Motion for Summary Judgment as to Plaintiff's unlawful ouster claim against Denyce Shorb and Harvey Maffei (collectively, "Defendants") on August 30, 2018. Op. and Order 5, ECF No. 92. Plaintiff now moves for $87,981 in attorney fees pursuant to Fed. R. Civ. P. 54(d)(2). Pl.'s Mot. 2, ECF No. 156. Defendants Denyce Shorb and Harvey Maffei have failed to timely respond. Because Plaintiff is entitled to attorney fees, Plaintiff's Motion (ECF No. 156) is GRANTED.

**DISCUSSION**

    "In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. v. West Virginia D.H.H.R.*, 532 U.S. 598, 602 (2001). The general practice is not to award fees to a prevailing

Page 1 – OPINION AND ORDER

party "absent explicit statutory authority." *Id.* at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Under Oregon Revised Statutes Chapter 90, a court may award reasonable attorney fees, costs, and necessary disbursements to the prevailing party notwithstanding any contrary agreement. Or. Rev. Stat. § 90.255. A "prevailing party" is "the party in whose favor final judgment is rendered." *Id.*

This Court granted summary judgment as to Plaintiff's unlawful ouster claim against Defendants on August 30, 2018. Op. and Order 5, ECF No. 92. This Court held a damages hearing on February 10, 2020 and awarded Plaintiff $56,000. Minutes of Proceedings, ECF No. 152; Order, ECF No, 154; Judgment, ECF No. 155. Plaintiff is a prevailing party. In a landlord-tenant proceeding, an award of attorney fees to a prevailing tenant represented by a legal aid attorney is proper. *West v. French*, 51 625 P.2d 144, 149 (Or. App. 1981).

The requested fees must be reasonable**.** A reasonable billing rate is determined based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983)). A strong presumption exists that the lodestar figure represents a reasonable fee, and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The court decides whether to enhance or reduce the lodestar

figure by evaluating a variety of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Oregon Courts consider "the Economic Survey's 75th percentile hourly rate" to be an appropriate standard for measureing attorney fees requests. *MW Builders, Inc. v. Safeco Ins. Co. of America*, No. 02-1578, 2009 WL 1161751, at *11 (D. Or. Apr. 28, 2009). Plaintiff's requested fees are consistent with the 75th percentile or less for similarly situated attorneys in their geographic areas and with their levels of expertise based on the Oregon State Bar 2017 Economic Survey. Pl.'s Mot. 4; Niese Decl. 2, ECF No. 156.[1] Plaintiff's Motion for Partial Summary Judgment was twenty-five pages long. Op. and Order 2; *see* ECF No. 46. The fees and hours expended on the case reflected in Plaintiff's spreadsheet are reasonable. *Id.* at Ex. 1. This Court, therefore, grants Plaintiff $87,981 in attorney fees.

## CONCLUSION

For the forgoing reasons, Plaintiff is entitled to attorney fees in the amount of $87,981.

IT IS SO ORDERED.

DATED this 24th day of April, 2020.

     *s/Michael J. McShane*
     Michael J. McShane
     United States District Judge

---

[1] The economic survey is available at https://www.osbar.org/docs/resources/Econsurveys/17EconomicSurvey.pdf.

Page 3 – OPINION AND ORDER